

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin 11, Texas

Dear Sir:

Opinion No. O-6034
Re: Is shipment of cement ordered fr[o]
from Texas manufacturer by rail
carrier for ultimate delivery to
itself at point outside of Texas
subject to tax under subdivision
41, Article 7047, V.A.C.S., 1925,
as amended?

In your letter of October 17, 1944, you request an
opinion as to the application of subdivision 41, Article 7047,
V.A.C.S., 1925, as amended, to the following fact situation:

"I am in receipt of a letter from the Lone Star
Cement Corporation in part as follows:

"The following describes the type of sale on
which our question is based:

"An order is placed with us by the railroad,
specifying shipment to be made consigned to
themselves, care of their superintendent or
warehouse at a Louisiana destination. The
attached copy of Uniform Straight Bill of
lading shows the manner of our billing such a
shipment from our Houston mill to the specified
interstate destination.

"The railroad hauls the shipment from our mill
or from the f.o.b. their rails point nearest
our mill to the interstate destination "deadhead".
We invoice the railway at a price per barrel f.o.b.
our mill or f.o.b. their rails Houston and/or Dal-
las, Texas.

"The order is issued, shipment is billed and
made interstate.

"We price and invoice same f.o.b. cars at an
intrastate point.

"'We are of the opinion that this type of shipment is interstate and not subject to the State Cement Tax; however, we are desirous of your advice as to whether or not you concur in our views in the matter.'

"I am attaching hereto sample copy of the Lone Star Cement Corporation's invoice to the T&NO Railroad Company, Lake Charles, Louisiana, also sample copy of the bill of lading to the same railroad and the same destination.

"I will appreciate it if you will furnish me with your legal opinion as to the tax on such a transaction."

In opinion No. O-5843, approved April 25, 1944, requested by you, this department construed subsection 41, Article 7047, V.A. C.S., 1925, as amended, not to warrant the imposition of the tax "upon any interstate sale or transaction". The test is whether or not the shipment in question under the above factual situation constitutes an interstate sale or transaction.

The cement is ordered from the Texas manufacturer by the Louisiana agent of the carrier vendee for delivery to the vendee at a point in Louisiana, but invoiced and delivered to the vendee's rails f.o.b. a point in Texas. The bill of lading is issued for an interstate shipment of the cement but freight charges are "deadhead", since the vendee is also the common carrier receiving the cement for delivery to a point outside of Texas.

Here the vendee occupies a dual role of purchaser and common carrier. Although the physical distribution of the cement is to the vendee in Texas, nevertheless the vendee receives the delivery in its role of "carrier". When the cement is finally delivered in Louisiana, the vendee receives it in the role of "purchaser". By the substitution of any third party as the consignee in Louisiana, the shipment is clearly interstate and not subject to the tax. Hence the above fact situation develops an interstate sale or transaction and therefore not subject to the occupation tax.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards

CKR/JCP